TJOFLAT, Circuit Judge,
concurring specially.
As I explain in my dissent to the court’s refusal to rehear Rodriguez en banc, structural error occurs, and the third prong of the plain-error test is therefore inapplicable, where the district court enhances the defendant’s sentence on the basis of facts not admitted by the defendant or found by a jury beyond a reasonable doubt. See United States v. Rodriguez,—F.3d—, 406 F.3d 1261, 2005 WL 895174 (11th Cir. Apr.19, 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc).[2] Accordingly, the court should consider whether this structural error “seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993). The court declines to do address this point because, as I agree, it is Rodriguez bound.

. Here, the court enhanced Shannahan’s base offense level, and thus his sentences, by two levels pursuant to U.S.S.G § 3C1.1 for conduct he denied, obstruction of justice. Had the court not enhanced the base offense level in this way, the Guidelines sentence range would have been 41 to 51 months instead of 51 to 63 months, and the court could not have imposed concurrent prison sentences of 56 months.